**PRIORITY SEND**
**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.  EDCV 09-1524-VAP (VBKx)                    Date:  August 24, 2009

Title:       U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR
             STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE
             PASS-THROUGH CERTIFICATES, SERIES 2007-BC4 *-v-* JOSE
             GARCIA, EDELMIRA GARCIA; and DOES 1 to 20
===============================================================
PRESENT:        HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

          Marva Dillard                         None Present
          Courtroom Deputy                      Court Reporter

ATTORNEYS PRESENT FOR              ATTORNEYS PRESENT FOR
PLAINTIFFS:                        DEFENDANTS:

          None                                  None

PROCEEDINGS:        MINUTE ORDER REMANDING CASE TO CALIFORNIA
                    SUPERIOR COURT, SAN BERNARDINO COUNTY (IN
                    CHAMBERS)

      On July 6, 2009, Plaintiff U.S. Bank National Association ("Plaintiff") filed a
"Complaint in Unlawful Detainer" against Defendants Jose and Edelmira Garcia
("Defendants").  On August 21, 2009, Defendants removed the action on the basis of
federal question jurisdiction, 28 U.S.C. § 1331.  (<u>See</u> Not. of Removal at 1-2.)


      Removal jurisdiction is governed by statute.  <u>See</u> 28 U.S.C. §1441, et seq.
The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring

MINUTES FORM 11                              Initials of Deputy Clerk ___md___
CIVIL -- GEN                      Page 1

EDCV 09-1524-VAP (VBKx)
US BANK NATIONAL ASSOCIATION v. JOSE GARCIA AND EDELMIRA GARCIA
MINUTE ORDER of August 24, 2009

"the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

Defendants claim the basis for removal is federal question jurisdiction, 28 U.S.C. § 1331, because the claims "arise under" federal law.  (See Not. of Removal at 1.)  From the face of the Complaint, Plaintiff's claim is for unlawful detainer, a California state law action.  See Franchise Tax Bd. v. Constr. Laborers Trust, 463 U.S. 1, 10 (1983) (defendant may not remove case to federal court unless basis for federal jurisdiction apparent on the face of the complaint).  Accordingly, Defendants have not shown the Court's jurisdiction based on federal question, 28 U.S.C. § 1331.

Defendants have not met their burden of establishing that the case is properly in federal court.  Gaus, 980 F.2d at 566.  Accordingly, the Court REMANDS the action to the Superior Court of California, San Bernardino County.

**IT IS SO ORDERED.**

MINUTES FORM 11                                    Initials of Deputy Clerk ___md___
CIVIL -- GEN                      Page 2